UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAIRE ALISON HEWS, | CASE NO. C15-834RAJ |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CERTAIN PARTS OF STATE FARM'S CLAIM FILE |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

**I. INTRODUCTION**

This matter comes before the Court upon Plaintiff's Motion to Compel Production of Certain Parts of State Farm's Claim File. Case No. C15-834RAJ, Dkt. #13. For the reasons discussed herein, the Court GRANTS the motion in part and DENIES it in part.

**II. BACKGROUND**

Plaintiff's claim against State Farm Mutual Automobile Insurance Company ("State Farm") arises from an automobile collision in which she sustained several injuries. Dkt. #1, Ex.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF CERTAIN PARTS OF STATE FARM'S CLAIM FILE - 1

A.  On October 2, 2014, Plaintiff's bicycle was struck by an underinsured motorist. *Id*. at 3.  At the time of the collision, Plaintiff had an automobile liability insurance policy with State Farm. *Id*. at 2.  This policy included uninsured/underinsured motorist ("UIM") coverage. *Id*.  After Plaintiff's collision, the underinsured motorist's insurance company tendered its policy limits and paid Plaintiff the maximum personal injury protection amount under their insured's policy. Dkt. #16, Ex. E.  On October 16, 2014, Plaintiff's counsel opened a UIM claim with State Farm. *Id*. at 7.  Paulette Beadling, a State Farm representative, was assigned to handle Plaintiff's UIM claim. Dkt. #15 at 2.

In the months following Plaintiff's accident, her counsel communicated with State Farm several times.  On January 15, 2015, Plaintiff's counsel sent State Farm a policy limits demand letter. Dkt. #16, Ex. A.  About three weeks later, on February 3, 2015, Plaintiff demanded arbitration. *Id*., Ex. C.  On February 6, 2015, Plaintiff sent State Farm an Insurance Fair Conduct Act ("IFCA") notice. Dkt. #16, Ex. E.  The IFCA notice threatened litigation unless State Farm paid Plaintiff the maximum UIM benefits and personal injury protection benefits available under her policy, along with compensatory damages, and attorney fees and costs. *Id*.  State Farm hired attorney Gregory Worden to respond to this IFCA notice. Dkts. #15 at 6-7 and #16 at 2.  Mr. Worden responded to Plaintiff's IFCA notice via a letter dated February 20, 2015. Dkt. #16, Ex. G.

On April 30, 2015, Plaintiff notified State Farm of her intent to file suit in King County Superior Court. Dkt. #1 at 2.  State Farm moved the case to this Court on May 28, 2015. Dkt. #1.  Plaintiff's complaint alleges that State Farm violated several Washington Administrative Code ("WAC") regulations by, amongst other things, unreasonably delaying payment of her UIM claim, not conducting a reasonable investigation of her claims, and not making a good faith

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF CERTAIN PARTS OF STATE FARM'S CLAIM FILE - 2

attempt to "effectuate a prompt, fair, and equitable" settlement of her claims. Dkt. #1, Ex. A at 10-11. Plaintiff's complaint also asserts IFCA violations, Consumer Protection Act violations, a breach of contract claim, a bad faith claim, and a negligence claim. Dkt. #1, Ex. A at 13-14 and 18.

On June 2, 2015, Plaintiff requested production of State Farm's claim file as part of her initial requests for production. Dkts. #13 at 2, n.2, and Dkt. #14, Ex. B. State Farm responded by disclosing a redacted claim file, along with a privilege log. Dkt. #14, Ex. A. State Farm's privilege log indicates that it withheld "claim notes" authored by Ms. Beadling, the primary claims adjuster on Plaintiff's case, and three other individuals, as well as injury evaluations made between October of 2014 and May of 2015. *Id.* The privilege log further indicates that four of the documents withheld include claim notes, made by Ms. Beadling, which document her calls with attorney Gregory Worden. Dkts. #14, Ex. A and #16 at 2. Items in State Farm's privilege log assert protection from disclosure under the work product protection, the attorney client privilege, or both. *Id.*

On October 22, 2015, in an effort to obtain State Farm's entire claim file, Plaintiff filed this motion to compel. Dkt. #13. Plaintiff seeks disclosure of privilege log entries described as containing "claim notes" and "injury evaluations." Dkt. # 14, Ex. A. In response to Plaintiff's motion to compel, State Farm continues to assert protection under the work product doctrine and the attorney client privilege. Dkt. #15 at 5-6. Plaintiff asserts that these entries were made in the ordinary course of the claim adjustment process, and therefore the work product protection and attorney client privilege do not apply.

## III. DISCUSSION

All of the documents sought by Plaintiff assert protection from disclosure under the work product doctrine. Dkt. #14, Ex. A. The documents Bates stamp numbered SF 047, 048, 049, and 051 also assert protection under the attorney client privilege. *Id*. The work product doctrine and attorney client privilege are addressed in turn.

### A. Plaintiff's Request for Production

As an initial matter, State Farm seeks dismissal of Plaintiff's motion on the ground that Plaintiff has not identified or submitted the discovery requests which seek the documents withheld. Dkt. #15 at 3. The Court rejects this argument.

Plaintiff's motion seeks disclosure of sections of State Farm's claim file that were either redacted or withheld from production. Dkt. #13 at 2. A request for State Farm's entire claim file was included in Plaintiff's first request for production. *Id*. Although Plaintiff does not submit copies of her discovery requests, her motion identifies the request for production at issue. Dkt. #13 at 2, n.2 ("The documents served included Plaintiff's 1st Discovery Requests that included *a request of State Farm to produce its claim file*.") (emphasis added).

### B. Work Product Doctrine[1]

State Farm claims that the work product doctrine protects the documents sought by Plaintiff from disclosure. The work product doctrine protects documents and tangible things from discovery if they are prepared in anticipation of litigation by a party, or a party's representative. Fed. R. Civ. P. 26(b)(3). Assertions of work product protection are governed by federal law. *Schreib v. American Family Mut. Ins. Co.*, 304 F.R.D. 282, 285 (W.D. Wash. 2014); *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007). The main

---

[1] Disclosure of documents Bates stamped SF 047, 048, 049, and 051, is considered separately, in section **III.C.**, because those documents also assert protection under the attorney-client privilege.

purpose of the work product rule is to "prevent exploitation of a party's efforts in preparing for litigation." *Holmgren v. State Farm Mut. Auto. Ins.Co.*, 976 F.2d 573, 576 (9th Cir. 1992) (quoting *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989)).

To determine if the documents sought by Plaintiff are protected from disclosure under the work product doctrine, the Court must first determine whether the documents were created or obtained "in anticipation of litigation or for trial." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). If the documents were created in anticipation of litigation, the Court must then determine whether Plaintiff nonetheless demonstrates "substantial need," and an inability to obtain the substantial equivalent of documents without undue hardship, to warrant disclosure. Fed. R. Civ. P. 26(b)(3)(A)(ii). Even if Plaintiff demonstrates substantial need, the court must protect against disclosure of the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

### 1. In Anticipation of Litigation

State Farm advances two arguments to demonstrate the documents it seeks to withhold were created in anticipation of litigation. State Farm first contends that it anticipated litigation from the outset of its relationship with Plaintiff as a result of the adversarial relationship between a UIM insured and insurer. Dkt. #15 at 7. State Farm also argues that it anticipated litigation following receipt of Plaintiff's arbitration demand and IFCA Notice. *Id*. at 8.

#### a. Pre-Arbitration Demand and Pre-IFCA Notice Documents

Notwithstanding the adversarial roles in which Plaintiff and State Farm find themselves in as a function of the UIM insured and insurer relationship, State Farm must demonstrate that the claim notes and injury evaluations it withholds were created because of litigation. The party seeking protection under the work product doctrine bears the burden of proving its applicability. *Johnson v. Allstate Prop. and Cas. Ins. Co.*, No. C14-5064 (W.D. Wash. Aug. 29, 2014). State

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CERTAIN PARTS OF STATE FARM'S CLAIM FILE - 5

Farm contends that it "necessarily" anticipated litigation because it "stands in the shoes of the underinsured motorist." Dkt. #15 at 7. State Farm cites no authority for this proposition, and the Court is not convinced that citing to the adversarial nature of the relationship between a UIM insured and insurer is enough to demonstrate that documents were created in anticipation of litigation.

Even if the Court agreed that it is reasonable for a UIM insurer to anticipate litigation as a consequence of its adversarial relationship with a UIM insured, the UIM insurer must still demonstrate that the documents it seeks to withhold were "'prepared or obtained *because of* the prospect of litigation.'" *In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 907 (9th Cir. 2003) (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 *Federal Practice & Procedure* § 2024 (2d ed. 1994)) (emphasis added). Here, State Farm contends that the withheld documents contain evaluations, prepared by its representatives, of Plaintiff's personal injury claim. Dkt. #15 at 7. However, notwithstanding any prospect of litigation, State Farm would have had to evaluate Plaintiff's claim to determine coverage. State Farm cannot use its adversarial relationship with Plaintiff as a cloak to protect documents under the work product doctrine. Instead, State Farm must demonstrate that the pre-arbitration demand and pre-IFCA notice documents it seeks to withhold were in fact created "because of" litigation. As explained below, State Farm fails to meet this burden.

b. Post-Arbitration Demand and Post-IFCA Notice Documents

Although it was reasonable for State Farm to anticipate litigation following receipt of Plaintiff's February 3, 2015 arbitration demand letter and February 6, 2015 IFCA Notice, this determination alone does not establish work product protection. *See Schreib*, 304 F.R.D. at 286 (reasonable for a party to anticipate litigation following receipt of IFCA notice given its role as a prerequisite to initiating IFCA litigation, and adversarial language contained therein). State

Farm must still provide the Court with sufficient information to determine whether the work product protection applies.  There is no rule in this court preventing disclosure of documents merely because they were produced or obtained following receipt of an arbitration demand or IFCA notice.  *Paschal v. American Family Mut. Ins. Co.*, No. C14-1640RSM (W.D. Wash. July 20, 2015) (refusing to accept proposition that all documents received post-IFCA notice are work product).

State Farm has not provided the Court with sufficient information to determine whether the work product doctrine applies to the documents withheld from production.  State Farm's citation to this Court's decision in *Paschal v. American Family Mutual Insurance Company*, No. C14-1640RSM (W.D. Wash. Sept. 2, 2015), highlights one instance where an insurer successfully demonstrated applicability of the work product doctrine.  However, State Farm fails to explain, and its privilege log does not indicate, how its documents constitute work product.  State Farm merely asserts that its Post-IFCA notice claim file contains adjuster evaluations created during the same time the adjuster attempted to negotiate settlement with Plaintiff.  Dkt. #15 at 8.  Without more information the Court cannot determine whether the work product doctrine is applicable.  However, even if State Farm demonstrates that these documents were created in anticipation of litigation, the court would still have to determine whether documents that serve a dual purpose are nonetheless discoverable.

c.  Dual Purpose Documents

Regardless of the date State Farm anticipated litigation, State Farm must establish that documents that serve a dual purpose (documents not created exclusively for litigation – such as documents created in the ordinary course of business to establish coverage for an insured) were indeed created "because of" litigation.  The Ninth Circuit applies the "because of" test to determine if the work product protection applies to documents that serve a dual purpose.

*Schreib*, 304 F.R.D. at 285-86. "Dual purpose" documents are afforded work product protection if, considering the totality of the circumstances, the "'document was created because of anticipated litigation, *and would not have been created in substantially similar form but for the prospect of litigation*[.]'" *In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d at 908 (quoting *United States v. Adlman,* 134 F.3d 1194, 1195 (2nd Cir. 1998)) (emphasis added). State Farm is currently withholding injury evaluations and claim notes created between October 20, 2014 and May 5, 2015. State Farm's privilege log does not explain how creation of these documents differed as a result of the prospect of litigation. For documents created following receipt of Plaintiff's IFCA notice, State Farm merely asserts that the documents were created while its claim adjuster was attempting to negotiate settlement with Plaintiff. However, the creation of documents during a certain time frame is not enough to demonstrate that a document constitutes work product. *See Paschal*, No. C14-1640RSM (W.D. Wash. July 20, 2015) (rejecting proposition that all documents created after IFCA notice qualify as work product). The party asserting this protection must explain why the documents qualify for protection and how anticipation of litigation impacted the creation of the documents. Given the dearth of information provided, State Farm does not meet the "because of" test.

Because State Farm has not presented sufficient evidence to establish work product doctrine protection of its claim notes and injury evaluations, the Court orders State Farm to produce the documents Bates stamped SF 037-051, 157-161, 163, and 167-207.

**C. Attorney Client Privilege**[2]

---

[2] Plaintiff's attempt to use *Cedell v. Farmers Insurance Company*, 176 Wn.2d 686, 295 P.3d 239 (2013) to establish that the attorney client and work product doctrine are presumptively waived is unfounded. In *Cedell*, the Supreme Court of Washington expressly stated that its presumption of attorney-client privilege waiver does not apply in UIM claims. 295 P.3d at 700.

In a diversity jurisdiction case, state law applies to claims of attorney-client privilege. *Lexington*, 240 F.R.D. at 666. The attorney-client privilege is intended to prevent disclosure of confidential communications between attorneys and their clients. R.C.W. § 5.60.060(2)(a). This privilege applies to documents containing privileged communications. *Dietz v. Doe*, 131 Wn.2d 835, 842, 935 P.2d 611, 615 (1997). The party asserting the attorney-client privilege bears the burden of establishing its applicability. *Versuslaw, Inc. v. Stoel Rives, LLP*, 127 Wn. App. 309, 332, 11 P.3d 866, 878 (2005).

State Farm has established that documents Bates Stamped SF 047, 048, 049, and 051 were properly withheld from production because they are protected by the attorney-client privilege. The four documents contain the following description: "Redacted claim notes re calls with attorney Gregory Worden." Dkt. #14, Ex. A. State Farm contends that the attorney-client privilege prevents full disclosure of these claim notes because Mr. Worden did not investigate, evaluate, or process Plaintiff's UIM claim. Dkt. #15 at 6. Instead, Mr. Worden was hired to respond to Plaintiff's February 6, 2015, IFCA notice. The record indicates that Mr. Worden responded to this notice on February 20, 2015. Nothing in the record indicates that Mr. Worden's communications with State Farm were not intended to remain confidential, and the dates associated with the redacted claim notes all fall within the two-week period after State Farm received Plaintiff's IFCA notice. Because Mr. Worden's role was to respond to threatened litigation, communications between him and State Farm are protected by the attorney-client privilege. Accordingly, the Court DENIES production of documents Bates Stamped SF 047, 048, 049, and 051.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CERTAIN PARTS OF STATE FARM'S CLAIM FILE - 9

## IV. CONCLUSION

The Court, having reviewed Plaintiff's Motion to Compel, Defendant's Response, the declarations and exhibits attached to each, and the remainder of the record, hereby finds and ORDERS:

(1) Plaintiff's Motion to Compel (Dkt. #13) is GRANTED in part and DENIED in part.

(2) The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

DATED this 24th day of February, 2016.

Richard A. Jones

The Honorable Richard A. Jones
United States District Court

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF CERTAIN PARTS OF STATE FARM'S CLAIM FILE - 10