HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAIRE ALISON HEWS, ,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE FARM MUTUAL AUITOMOBILE INSURANCE COMPANY,<br><br>        Defendant. | CASE NO. C15-834 RAJ<br><br>ORDER |

**I.  INTRODUCTION**

This matter comes before the court on defendant State Farm's motion for partial summary judgment. Dkt. # 36. This motion was noted for consideration on April 29, 2016. Accordingly, plaintiff's opposition was due on April 25, 2016. *See* Local Civ. R. 7(b)(3). Plaintiff, however, missed that deadline and waited until the noting date to file her opposition (Dkt. # 38), leaving defendant with only a few hours to file a reply. This is not the first time plaintiff has ignored this court's orders and this district's local rules. *See* Dkt. ## 25, 42, 43. The court recently ordered plaintiff and her counsel to show cause ("OSC") why they should not be sanctioned for failing to meet deadlines. *See* Dkt. # 44. Plaintiff's counsel responded to the OSC, but failed to include any explanation as

to why he completely disregarded the April 25th deadline to oppose the present motion.[1] Dkt. # 46. For the reasons stated below, State Farm's motion is GRANTED IN PART AND DENIED IN PART.

## II.     BACKGROUND

Plaintiff, Claire Hews, alleges she was injured while riding her bicycle. She claims that she collided with a motor vehicle driven by Pamela St. Clair. Ms. St. Clair had an auto policy with a liability coverage limit of $50,000. (Compl.) Dkt. # 1. Plaintiff made a claim under the underinsured motorist ("UIM") coverage of her own policy, issued by State Farm, alleging that Ms. St. Clair's insurance was insufficient to compensate her for her injuries. *Id.*

State Farm initially offered plaintiff $30,000 in UIM benefits as additional payment for her bodily injury claim and made an advance payment in this amount. State Farm later increased its offer to a total of $58,000 in UIM benefits, but did not make another advance payment. *Id.*, ¶¶ 2.28-2.29, 2.33-2.34, 2.44. Plaintiff also alleges that she asked State Farm to agree to arbitration, but State Farm refused. *Id.*, ¶ 2.30.

Plaintiff alleges claims for: (1) breach of contract, (2) bad faith/breach of fiduciary duty, (3) violation of the Washington Consumer Protection Act, (4) negligence, (5) violation of the Insurance Fair Conduct Act, and (6) violation of the Washington Administrative Code. *Id.*

State Farm seeks summary judgment on the breach of fiduciary duty claim (to the extent one is plead), negligence, and violation of the Washington Administrative Code. Dkt. # 36, p. 1. State Farm also seeks summary judgment on "all claims based on failure to make advance payments or on a failure to agree to arbitrate plaintiff's UIM claim." *Id.*

---

[1] Plaintiff has improperly requested a continuance pursuant to FRCP 56(d) and failed to provide any legitimate basis for that relief. Accordingly, plaintiff's request is denied.

ORDER- 2

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

## IV. ANALYSIS

### a. Bad Faith/Breach of Fiduciary Duty

To the extent plaintiff pleads a claim for breach of fiduciary duties, such a claim fails as a matter of law. No Washington court has recognized a claim for breach of fiduciary duty by an insured. *See Baker v. Phoenix Ins. Co.*, 2014 WL 241882, at *3 (W.D. Wash. Jan. 22, 2014) (collecting cases). The relationship between an insured and the insurer is not a true fiduciary relationship. *Safe Ins. Co. of Am. v. Butler*, 118 Wash. 2d 383, 389 (1992) ("[S]omething less than a true fiduciary relationship exists between the insurer and the insured"). RCW 48.01.030 requires that an insurer and insured act in good faith and preserve the integrity of insurance, but it does not support a claim that a fiduciary relationship exists between insurer and insured. Accordingly, plaintiff's claim for *bad faith* survives dismissal, but her claim for breach of fiduciary duty does not. State Farm is entitled to summary judgment on this claim.

### b. Negligent Claims Handling

Next State Farm asks the court to dismiss plaintiff's negligence claim as a matter of law because "Washington courts have not recognized a negligence cause of action in the context of the handling of a first party claim." (Mot.) Dkt. # 10, p. 13. State Farm fails, however, to cite any persuasive authority in support of this argument.

In Washington, an insured's duty of good faith requires it to give equal consideration to its own interests and the interests of its insured. *Ellwein v. Hartford Accident & Indem. Co.*, 142 Wash. 2d 766 (2001), *overruled in part on other grounds, Smith v. Safeco Ins. Co.*, 150 Wash. 2d 478 (2003). When considering UIM coverage, however, the insurer cannot give equal consideration to all of its insured's interests. *Ellwein,* 15 P.3d at 647. A UIM insurer "stands in the shoes" of the underinsured driver, and can assert any defense to liability that the driver had. *Id.* An insurer cannot give "equal consideration" to its insured's interests while asserting defenses that are antithetical to its insured's interests. *See id.* ("UIM coverage requires that a UIM insurer

be free to be adversarial within the confines of the normal rules of procedure and ethics."); *see also Petersen–Gonzales v. Garcia*, 120 Wash. App. 624 (2004) (finding no bad faith where plaintiff's insurer appeared at trial as a third-party defendant in plaintiff's suit against underinsured driver).

On the other hand, even though the duty of good faith applies differently in the UIM context, it does not cease to exist. *Ellwein,* 15 P.3d at 547. An insurer must "deal in good faith and fairly *as to the terms of the policy* and not overreach the insured, despite its adversary interest." *Id.* (emphasis added) (quoting *Hendren v. Allstate Ins. Co.*, 100 N.M. 506, 672 P.2d 1137, 1141 (N. Mex. Ct. App. 1983)); *see also St. Paul Fire & marine Ins. Co. v. Onvia, Inc.*, 165 Wash. 2d 122, 130 (2008) ("The duty of good faith is applicable to both first-party and third-party coverage."). Thus, while the insurer is free to be adversarial in the context of assuming the uninsured driver's role in response to its insured's claims, it is not free to be adversarial in the context of fulfilling its policy obligations or other duties that apply to it as an insurer. *See Edmonson v. Popchoi*, 155 Wash. App. 376, 228 P.3d 780, 785 (Wash. Ct. App. 2010) (stating, in dicta, that duty to conduct timely and reasonable investigation applies in UIM context).

In Washington, it is not entirely clear whether a plaintiff can pursue simultaneously a cause of action for bad faith claims handling and a cause of action for negligent claims handling in the UIM context. "An action for bad faith handling of an insurance claim sounds in tort." *Safeco Ins. Co. of Am. v. Butler*, 118 Wash. 2d 383, 389 (1992). "Claims of insurer bad faith 'are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty." *Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.*, 161 Wash. 2d 903, 916 (2007).

Although other courts have held that no separate cause of action exists for negligent handling of an insurance claim, Safeco has failed to show that Washington courts have followed or would follow that rule. *Compare*, *Everett Assocs., Inc. v.*

*Transcon, Ins. Co.*, 35 F. App'x 450, 452 (9th Cir. 2002) (acknowledging that in California, "negligence is not among the theories of recovery generally available against insurers") *and Huber v. Tower Grp., Inc.*, 881 F. Supp. 2d 1195, 1199 (E.D. Cal. 2012) ("California courts have accordingly held that there exists no separate cause of action for negligent handling of an insurance claim.") *with Tyler v. Grange Ins. Ass'n*, 3 Wash. App. 167, 173-79 (2007) (noting that in Washington, the concepts of "good faith" and "negligence" "have tended to coalesce" and applying the tests interchangeably, albeit in the context of a third-party claim); *St. Paul Fire*, 165 Wash. 2d at 132 ("Under Washington law every insurer has a duty to act promptly, in both communication and investigation, in response to a claim or tender of defense" and this duty "is *not* dependent on the duty to indemnify, settle or defend.") (emphasis added).[2]

In light of the above authorities, it is not clear that Washington courts would disallow a claim for negligent claims handling and State Farm has cited no case that would persuade the court to dismiss this claim as a matter of law. Accordingly, as to the negligence claim, State Farm's motion for summary judgment is DENIED.

### c. Violation of the Washington Administrative Code

Plaintiff has attempted to state a claim for "Washington Administrative Code Violations" ("WAC"). (Compl.) Dkt. # 1, ¶¶ 8.1-8.3.5. However, Washington does not recognize violation of the WAC as a separate cause of action. *See Hayden v. Mutual of Enumclaw Ins. Co.*, 141 Wn. 2d 55, 62 (2000) ("The regulations within WAC 284-30 do not, in and of themselves, create causes of action and require an attendant CPA claim to

---

[2] *But see Zander v. New Hampshire Indem. Co.*, 2006 WL 2243035, at *4 (WD. Wash. July 26, 2006) (finding negligence claim indistinguishable from bad faith claim).

be given effect."). Accordingly, State Farm is entitled to summary judgment on this claim.

### d. Advance Payments and Arbitration

State Farm also seeks summary judgment of "all claims based on failure to make advance payments or on a failure to agree to arbitrate plaintiff's UIM claim." Dkt. # 36, p. 1. The complaint, however, contains six separate causes of action and a number of different allegations relate to each claim. (Compl.) Dkt. # 1-1. State Farm failed to identify which claims are "based upon" a failure to make advance payments or on a failure to arbitrate. The court will not do counsel's work for them and has no obligation to sift through the complaint to determine which claims would be dismissed on this basis. Accordingly, this aspect of State Farm's motion for summary judgment is DENIED.

## V. CONCLUSION

For all the foregoing reasons, State Farm's motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Dkt. # 36. Plaintiff's separate claims for breached of fiduciary duty and for violation of the Washington Administrative Code are dismissed with prejudice. Plaintiff's claims for breach of contract, bad faith, violation of the Washington Consumer Protection Act, negligence, and violation of the Insurance Fair Conduct Act survive dismissal for the reasons stated in this order.

Dated this 6th day of June, 2016.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge