HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAIRE ALISON HEWS, a single individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance company doing business in King County, State of Washington,<br><br>            Defendant. | NO. 2:15-cv-00834-RAJ<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the court on the parties' motions in limine.  Dkt. ## 48-50.  Both parties filed oppositions.  Dkt. ## 56, 57, 60, 61.  The court **GRANTS each motion in part** and **DENIES each motion in part**, and states its ruling on each of the subparts of the parties' motions below.[1]

---

[1] The Court strongly disfavors footnoted legal citations.  Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules.  *See* Local Rules W.D. Wash. LCR 7(e).  Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult."  *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924,

## II. BACKGROUND

Plaintiff, Claire Hews, alleges she was injured while riding her bicycle. She claims that she collided with a motor vehicle driven by Pamela St. Clair. Ms. St. Clair had an auto policy with a liability coverage limit of $50,000. (Compl.) Dkt. # 1. Plaintiff made a claim under the underinsured motorist ("UIM") coverage of her own policy, issued by State Farm, alleging that Ms. St. Clair's insurance was insufficient to compensate her for her injuries. Id.

State Farm initially offered Plaintiff $30,000 in UIM benefits as additional payment for her bodily injury claim and made an advance payment in this amount. State Farm later increased its offer to a total of $58,000 in UIM benefits, but did not make another advance payment. Id., ¶¶ 2.28-2.29, 2.33-2.34, 2.44. Plaintiff also alleges that she asked State Farm to agree to arbitration, but State Farm refused. Id., ¶ 2.30.

Plaintiff alleges claims for: (1) breach of contract, (2) bad faith/breach of fiduciary duty, (3) violation of the Washington Consumer Protection Act, (4) negligence, (5) violation of the Insurance Fair Conduct Act, and (6) violation of the Washington Administrative Code. Id.  The Court dismissed Plaintiff's claims for breach of fiduciary duty and for violation of the Washington Administrative Code.  Dkt. # 47. The parties are scheduled to try the matter with a jury in bifurcated proceedings beginning on July 11, 2016.

## III. LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).  To decide on the motions in limine, the Court is guided by Federal Rules of Civil Procedure 401 and 403.  Specifically, the Court considers

---

at *1 (D. Ariz. Jan. 24, 2014).  The Court strongly discourages the Parties from footnoting their legal citations in any future submissions.  *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

ORDER - 2

whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Civ. P. 401.  However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

## IV. PLAINTIFF'S MOTIONS IN LIMINE

### A. Defendant's Expert Witness Disclosure.

Plaintiff argues that Defendant disclosed its expert witness, Dr. Alan R. Breen, on April 11, 2016. Dkt. #50, at p. 2. Defendant requested an extension of time to serve its rebuttal expert disclosures. Dkt. # 32. Plaintiff did not oppose the extension, and the Court granted Defendant's motion. Dkt. # 34. Therefore, Defendant's deadline to disclose rebuttal expert witnesses was April 15, 2016. Accordingly, the Court **DENIES** Plaintiff's request to exclude Dr. Breen's testimony.

### B. Plaintiff's Prior Treatment for Alcoholism.

According to Plaintiff, she has been clean and sober for thirty years. Dkt. #50, at p. 2. Nonetheless, Defendant argues that Plaintiff's prior alcohol or drug use is relevant to understand Plaintiff's medical records. Defendant has not offered sufficient evidence to show that Plaintiff's prior treatment for alcoholism has had a meaningful effect on her cognition prior to the accident. In addition, the Court finds that any probative value of admitting evidence of Plaintiff's prior alcohol use is substantially outweighed by the unfair prejudice it poses. Fed. R. Evid. 403. Accordingly, the Court **GRANTS** Plaintiff's request to exclude evidence of Plaintiff's prior treatment for alcoholism. In addition, the Court instructs the parties to redact any mention of Plaintiff's prior treatment for alcoholism from the medical records that may be offered into evidence.

### C. Argument, Inference, or Evidence Regarding Plaintiff's Fault in the Accident.

Plaintiff asks the Court to exclude any argument, inference, or evidence that Plaintiff was comparatively at fault for the accident that occurred on October 2, 2014. Dkt. # 50, at p. 3. Plaintiff states that Defendant has never contended that Plaintiff was at fault, and Defendant did not oppose Plaintiff's request. *Id.*; *see also* Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Moreover, at the parties' June 24, 2016 pretrial conference, Defendant's counsel stated that Defendant does not argue that Plaintiff is at fault for the accident. June 24, 2016 Pretrial Conference Transcript ("Pretrial Con. Tr."). As such, the Court **GRANTS** Plaintiff's request.

### D. Prior Accidents.

Plaintiff asks the Court to exclude evidence of "prior collisions or incidents where injuries were not symptomatic at the time of the collision herein." Dkt. #50, at p. 3. Washington law provides that "evidence of a symptomatic condition immediately before an aggravating accident is admissible on the issue of proximate cause." *Hoskins v. Reich*, 174 P.3d 1250, 1256 (Wash. Ct. App. 2008) (*citing Harris v. Drake*, 99 P.3d 872, 878 (Wash. 2004)). Furthermore, "evidence of the natural progression of a preexisting condition is relevant to damages." *Id.* (*citing Bennett v. Messick*, 457 P.2d 609, 612 (Wash. 1969)). Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiff's request to exclude prior accidents. The Court will allow Defendant to offer evidence of prior accidents to the extent that the evidence is relevant to Plaintiff's damages, as long as Defendant can lay a proper foundation for the evidence. *See* Fed. R. Evid. 402; see also *Harris v. Drake*, 99 P.3d at 878 ("When an accident lights up and

makes active a preexisting condition that was dormant and asymptomatic immediately prior to the accident, the preexisting condition is not a proximate cause of the resulting damages.").

## V. DEFENDANT'S MOTIONS IN LIMINE

### A. Evidence or Argument of Any Work Disability or Loss of Income.

Defendant requests that the Court exclude any evidence of work disability or loss of income, including the testimony of vocational expert Ginger Hurt because Plaintiff refused to produce certain business records. Dkt. # 48, at pp. 2-5. On January 29, 2016, the Court granted Defendant's Motion to Compel Plaintiff's responses to Defendant's requests for production. Dkt. #25. The Plaintiff did not produce the responses. The Defendant asked the Court to sanction Plaintiff by 1) issuing an order establishing that Plaintiff did not sustain disability or impairment of activities or mental function as a result of her injuries, and 2) award attorney's fees and costs. Dkt. # 28. The Court declined the former, but issued monetary sanctions. Dkt. # 43. Plaintiff still failed to produce certain business records that Defendant requested. On June 24, 2916, the Court instructed Plaintiff to produce the requested business records to Defendant no later than July 1, 2016. Dkt. ## 58, 59. In addition, Defendant confirmed during the June 24, 2016 pretrial conference that it clarified that these business records include, but are not limited to, Plaintiff's billed hours, clients, and work performed. Pretrial Con. Tr. If Plaintiff fails to produce the requested business records to Defendant by July 1, 2016, then the Court will grant this request.

### B. Evidence Regarding Defendant's Alleged Refusal to Arbitrate Plaintiff's UIM Claim.

Defendant requests that the Court exclude evidence and argument relating to Plaintiff's assertion that Defendant declined to arbitrate her claim. Dkt. #48, at p. 5. On

June 21, 2016, Plaintiff submitted to the Court a copy of the pertinent contract. Dkt. # 52. The portions of the contract related to the Underinsured Motor Vehicle Bodily Injury Coverage do not include a mandatory or binding arbitration clause. Based on the relevant contract, it appears that the parties made no such agreement to arbitrate any future claims. Therefore, any evidence with regard to Plaintiff's request to arbitrate and Defendant's refusal to do so is irrelevant. Fed. R. Evid. 401. Accordingly, the Court **GRANTS** this request.

### C. Defendant's Failure to Pay UIM Benefits Prior to Settlement.

Defendant claims that its prior payment of $30,000 to Plaintiff was part of Defendant's "good neighbor" policy. Dkt. # 48, at p. 6. The UIM provision in the pertinent contract between the parties does not mention any requirement on behalf of Defendant to pay or not pay advance payments to its insured. Dkt. #52. Furthermore, as it pertains to Phase 1 of the trial, the parties stipulated to exclude evidence of any advance payments that Defendant did pay to Plaintiff. Dkt. # 55. Allowing evidence of Defendant's refusal to provide some advance payments but omitting evidence that Defendant agreed to other advance payments would be overly prejudicial to Defendant. *See* Fed. R. Evid. 403. In light of the above, the Court **GRANTS** this request.

### D. In Phase 2 of the Trial, Exclusion of Evidence Related to How Defendant Handled Plaintiff's PIP Claim.

Defendant states that Plaintiff has not pled claims related to how Defendant handled Plaintiff's Personal Injury Protection (PIP) Coverage claims. Dkt. # 48, at p. 10. Indeed, Plaintiff did not address any PIP claims in her Complaint, and she failed to amend the Complaint to add additional claims. Dkt. # 1. Plaintiff is far outside the time period in which she may amend, and the Court will not entertain an amendment to the

Complaint at this stage.  *See* Fed. R. Civ. P. 15.  Accordingly, the Court **GRANTS** this request.

### E. Speech Therapist's Statement.

Defendant asks the Court to exclude Emily Stewart's statement regarding Plaintiff's brain trauma because 1) Defendant alleges the statement is hearsay, 2) Ms. Stewart, a speech therapist, is not qualified to opine on brain trauma, and 3) the statement does not meet the medical certainty standard.  Dkt. # 48, at pp. 10-11.  As an initial matter, Plaintiff did not disclose Ms. Stewart as an expert witness.  The deadline to disclose such witnesses has passed, and Plaintiff may not now amend her disclosures to include Ms. Stewart.  Dkt. ## 26, 34.  Even if Ms. Stewart were qualified as a medical expert with regard to brain trauma, her statement that Plaintiff's "cognitive deficit is not consistent with mild traumatic brain injury sequelae, rather appears to possibly represent a more complex closed head injury that may potentially impact patient's return to work, driving, and independence with IADLs" does not rise to a reasonable degree of medical certainty.  *See Brannan v. Northwest Permanente, P.C.*, No. C05-5157FDB, 2006 U.S. Dist. LEXIS 68886, *4 (W.D. Wash. Sept. 25, 2006) ("Expert testimony may not be based on speculation or conjecture; an expert must testify to his or her conclusion to a 'reasonable degree of medical certainty.'") (*citing McLaughlin v. Cooke*, 112 Wn.2d 829, 836 (1989)).  However, the Court will not exclude all of Ms. Stewart's records on account of one statement.  The Court **GRANTS this request in part**: the Court directs the parties to redact the statement described above before offering the remaining records into evidence at trial.

### F. In Phase 2 of the Trial, Exclusion of References to Settlement Offers, Demands, or Negotiations During Litigation.

Federal Rule of Evidence 408 precludes evidence related to settlement offers, demands, or negotiations "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. The Court may admit this evidence for other purposes. Fed. R. Evid. 408(b). Accordingly, the Court **GRANTS** this request to the extent that such evidence is offered to prove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.

### G. Reference to Unrelated Claims or Litigation Involving State Farm.

Claims or litigation involving State Farm unrelated to Plaintiff's claims are irrelevant to this litigation. *See* Fed. R. Evid. 401. Nonetheless, Plaintiff is concerned that Defendant may "tout itself [as] having excellent claim service and never having any complaints from policy holders . . . ." Dkt. # 60, at p. 9. However, on June 24, 2016, the Court asked Defendant whether it would offer evidence that State Farm has not had any issues or problems with claimants. Pretrial Con. Tr. Defendant agreed that it would not offer this kind of evidence at trial. *Id.*; *see also* Dkt. # 63, at p. 4 Accordingly, the Court **GRANTS** this request in light of Defendant's agreement not to offer evidence of "excellent claim service" or a distinct lack of "any complaints from policy holders."

### H. Testimony concerning the meaning of, or whether State Farm Acted in, "Bad Faith."

If a lay witness testifies regarding an opinion, that opinion must be "a) "rationally based on the witness's perception; b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Although a witness may embrace an ultimate issue, she may not testify as to a legal conclusion. *See* Fed. R. Evid. 704(a); *see also United States v. Crawford*, 239

F.3d 1086, 1090 (9th Cir. 2001). And, although testifying about facts that could lead to a finding of bad faith is permissible, testifying that the Defendant affirmatively acted in bad faith would constitute a legal conclusion. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (referencing an expert witness, the court found that "[w]hile Caliri's testimony that Defendants deviated from industry standards supported a finding that they acted in bad faith, Caliri never testified that he had reached a legal conclusion that Defendants actually acted in bad faith (i.e., an ultimate issue of law)."). Such testimony would certainly not be helpful to a jury. Fed. R. Evid. 701(b). To the extent that Defendant requests that such testimony is precluded—that is, lay witness testimony that reaches the legal conclusion as to whether Defendant did or did not act in bad faith—the Court **GRANTS** the request.

**I. Financial Status or Relative Wealth of Parties.**

Defendant's wealth is not relevant to Plaintiff's claims, and Plaintiff's wealth is only relevant to the extent she attempts to prove her inability to pay for medical care, or other related issues. *See Tavakoli v. Allstate Prop. & Cas. Ins. Co*., No. C11-1587RAJ, 2013 U.S. Dist. LEXIS 6078, *14-15 (W.D. Wash. Jan. 15, 2013). Accordingly, the Court **GRANTS** this request to the extent that Plaintiff wishes to use Defendant's relative wealth as a reason to enhance damages.

Dated this 8th day of July, 2016.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge