HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CLAIRE ALISON HEWS, a single individual,<br><br>               Plaintiff,<br><br>        vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance company doing business in King County, State of Washington,<br><br>               Defendant. | NO. 2:15-cv-00834-RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for New Trial (Dkt. # 107)[1], Plaintiff's Motion to Amend Judgment per FRCP 60(a) (Dkt. # 111), Defendant's Motion for Entry of Judgment on Sanctions Award (Dkt. # 113), and Defendant's

---

[1] This motion is overlength. Local Rules W.D. Wash. LCR 7(e)(4). Plaintiff was restrained to filing a 12-page motion but instead filed a 24-page motion. Plaintiff did not seek permission from the Court to file a motion that is double the allotted page limit. "The court may refuse to consider any text, including footnotes, which is not included within the page limits." *Id.* at 7(e)(6).

ORDER - 1

Motion to Alter or for Relief from Judgment (Dkt. # 115). The Court finds oral argument unnecessary.

## I. BACKGROUND

In July 2016, this matter was heard before a jury in a two-phase trial. Dkt. ## 83, 86, 92, 93, 96, 98. The jury returned a separate jury verdict for each phase. In Phase I, the jury found Plaintiff's total damages from the accident to be $240,000. Dkt. # 95. In Phase II, the jury found that Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") did not fail to act in good faith, that Plaintiff failed to comply with State Farm's requests for material information, and that this failure prejudiced State Farm. Dkt. # 99. Based on these verdicts, the Court found that Plaintiff's damages were therefore limited by her failure to cooperate with State Farm. Dkt. # 110. Because Plaintiff submitted documents to allow State Farm to evaluate her claim at $58,000, and because State Farm had already paid Plaintiff $30,000 of this amount, the Court awarded Plaintiff $28,000. *Id*. Neither party is satisfied with this judgment.

## II. DISCUSSION

**A. Plaintiff's Motion for Judgment as a Matter of Law and For a New Trial**

Plaintiff seeks to retry Phase II of this trial pursuant to Federal Rules of Civil Procedure 50 and 59. Dkt. # 107 at pp. 18, 22.[2] At this stage, Plaintiff may only seek a <u>renewed</u> judgment as a matter of law. Fed. R. Civ. P. 50(b). Because she failed to raise this motion prior to submitting the case to the jury, s*ee* Dkt. ## 96 and 98, Plaintiff is barred from utilizing this option now. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

---

[2] Remarkably, Plaintiff's arguments appear after page 12 of her brief. The Court need not consider any of this information, but will exercise great leniency in doing so. Plaintiff is warned that the Court will not exercise such leniency in the future.

ORDER - 2

Plaintiff also moves the Court for a new trial under Rule 59(a)(1). Fed. R. Civ. P. 59(a)(1). "A court can grant a motion for a new trial for a variety of reasons, all of which are intended to ensure that the trial court can 'prevent a miscarriage of justice.'" *Conti v. Corp. Servs. Grp., Inc.*, 30 F. Supp. 3d 1051, 1060–61 (W.D. Wash. 2014) (listing reasons for which a court might grant a new trial). Here, the jury was presented with substantial evidence supporting their determination that State Farm acted reasonably while Plaintiff, in part, did not. *Davis v. Progressive Cas. Ins. Co.*, 220 F. App'x 708, 711 (9th Cir. 2007) ("A jury's verdict, including a damages award, must be upheld if supported by 'substantial evidence.'"). Notably, the jury found itself in possession of more medical records than State Farm had access to during its initial evaluation of the claim. The Court is confident that there has not been a miscarriage of justice in the jury's verdict. Accordingly, the Court **DENIES** this motion.

### B. Plaintiff's Motion for Order Correcting Judgment Per FRCP 60(a)

Plaintiff claims that the Court miscalculated her damages, whether by mistake, oversight, or omission, and that Plaintiff is entitled to $38,332.59 rather than $28,000. Dkt. # 111. This is not the case.

Throughout this lawsuit, Plaintiff failed to present substantial evidence that would allow the Court to accurately calculate her damages from the accident. Instead, both the Court and Plaintiff relied on State Farm's evaluation of Plaintiff's damages. However, Plaintiff now seeks to rely on State Farm's internal communications suggesting that it had authority to settle Plaintiff's claim for an additional $10,000. Dkt. # 111. Therefore, the argument is not whether the Court made some mistake, whether by oversight or otherwise, but whether the Court will consider using a different evaluation when determining a final judgment. This is not the proper use of Rule 60(a). *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) ("In deciding whether a trial

court may alter a judgment pursuant to Fed.R.Civ.P. 60(a), our circuit focuses on what the court *originally intended* to do.") (emphasis in original).  "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record."  *Id*.  Plaintiff is asking the Court to reconsider its judgment, not correct a clerical error.  This is not properly raised in a motion pursuant to Rule 60(a); accordingly, the Court **DENIES** this motion.

### C.  Defendant's Motion Regarding Sanctions

On May 23, 2016, this Court imposed sanctions on Plaintiff in the amount of $1,225.  Dkt. # 43.  Plaintiff and her attorney are jointly responsible for paying this amount.  *Id.* at p. 3.  State Farm now moves the Court for entry of judgment against Plaintiff and her attorney for the imposed sanctions.  Dkt. # 113.  Plaintiff did not file a response to the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

After reviewing the record and State Farm's motion, and taking into account Plaintiff's failure to respond, the Court **GRANTS** the motion.

### D.  Defendant's Motion To Alter Or For Relief From Judgment

State Farm moves this Court to amend the judgment pursuant to Rule 59(e) or, in the alternative, to relieve it from the Court's final judgment pursuant to Rule 60(b)(1).  Dkt. # 115.[3]

In its motion, State Farm reiterates the law in Washington as it pertains to an insured who fails to cooperate under her insurance policy.  Dkt. # 115 at pp. 2-3.

---

[3] Noticeably, Plaintiff did not oppose this motion, and therefore the Court may consider this an admission by Plaintiff that Defendant's motion has merit.  However, the Court need not grant every motion where the nonmovant fails to file an opposition.  Local Rule 7(b)(2) is permissive, not mandatory.  *Allianz Glob. Risks U.S. Ins. Co. v. Ershigs, Inc*., 138 F. Supp. 3d 1183, 1189 n.6 (W.D. Wash. 2015).

ORDER - 4

Though the Court does not disagree with the law as stated, the Court finds that State Farm misapplied the law to the facts of this case. That is, an insurer is released from its responsibilities if it was "actually prejudiced by the insured's breach." *Tran v. State Farm Fire & Cas. Co.*, 961 P.2d 358, 365 (Wash. 1998). Here, the jury concluded that State Farm was prejudiced. Dkt. # 99 at 4. However, State Farm is not entirely relieved from its obligations; its obligations are reduced "only to the extent that it was prejudiced[] by the insured's actions." *Liberty Mut. Ins. Co. v. Tripp*, 25 P.3d 997, 1004 (Wash. 2001). As such, State Farm has a responsibility to pay Plaintiff under the policy for the amount that it was able to evaluate based on the records it received.

State Farm relies on *Tran* for the proposition that it is relieved from its duties under the policy; but *Tran* did not create a "per se rule relieving the insurer of its burden." *Staples v. Allstate Ins. Co.*, 295 P.3d 201, 210 (Wash. 2013). Moreover, the Court does not find that Plaintiff's case is factually analogous to *Tran*. This is not a case where a plaintiff utterly stonewalled her insurer. *See, generally*, *Tran*, 961 P.2d 358. Instead, the record suggests that Plaintiff cooperated such that State Farm was able to begin evaluating her claim, and therefore State Farm is responsible to pay the benefits that it calculated based on Plaintiff's cooperation. The law cannot be any other way. If it were, any lack of cooperation "could afford a UIM insurer a windfall . . . ." *Tripp*, 25 P.3d at 1004. State Farm, "therefore, should be permitted to escape paying UIM benefits only in amounts equal to the actual prejudice that it suffered on account of" Plaintiff's failure to cooperate. *Id*. at 1005.

Accordingly, the Court's judgment remains intact. This motion is **DENIED**.

### III.  CONCLUSION

Based on all the foregoing, the Court ORDERS as follows:

ORDER - 5

1. Plaintiff's Motion For Judgment As a Matter of Law And/Or Phase 2 New Trial is **DENIED**, Dkt. # 107
2. Plaintiff's Motion For Order Correcting Judgment Per FRCP 60(a) is **DENIED**, Dkt. # 111
3. Defendant's Motion For Entry of Judgment On Sanction Award is **GRANTED**, Dkt. # 113
4. Defendant's Motion To Alter Or For Relief From Judgment is **DENIED**, Dkt. # 115

Dated this 14th day of February, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge